[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above cases both address substantially the same issues in connection with the plaintiffs' appeal from a decision of the Zoning Board of Appeals (the "Board") of the Town of Greenwich, which confirmed the decision of the Planning Zoning Commission of the Town of Greenwich (the "Commission"). The plaintiffs' appeal from the decision of the Board involves a lot line configuration of three lots on a previously approved subdivision. The cases were consolidated by Order of D'Andrea, J., on September 18, 1995.
The court (Tobin, J.) conducted a hearing on this matter on December 5, 1995. After hearing testimony from Mr. O. Griffith Sexton and reviewing deeds and surveys in connection with property owned by O. Griffith Sexton and Barbara H. Sexton, and after reviewing deeds and surveys in connection with property owned by Diana Ross, as Trustee of the Diana Ross Revocable Trust, the court found that both plaintiffs were "aggrieved persons". This is pursuant to Conn. Gen. Stat. § 8-8, as the plaintiffs are owners of property within a radius of one hundred feet of the land involved in the decision which is the subject of this appeal.
At the conclusion of the hearing, counsel for the defendants questioned the capacity of Diana Ross to bring the action as a Trustee. The court invited the attorneys to file briefs on that question. After reviewing the post trial memorandums of law submitted by both counsels, the court concludes that defendants' failure to plead lack of capacity as a special defense is now deemed waived.
On July 7, 1966, a map entitled "Property of Nancy R. Varney, CT Page 4538 Greenwich Conn.", was recorded in the Greenwich Land Records and assigned Map No. 4686. On September 3, 1969, a map, entitled "Property of Nancy Reynolds Greenwich, Conn.", was recorded in the Greenwich Land Records and assigned Map No. 4920. These maps show the property of Quarry Farm Development, Inc., Lawrence W. Goichman and Jennifer Goichman (collectively, the "Applicants"). Tract #4 on map 4920 is a 50 foot sliver. The parcels shown on these maps did not receive formal subdivision review.
The initial subdivision approved by the Commission in 1974, is shown on a map entitled "Property of Nancy Susan Reynolds, Greenwich, Conn." having been assigned Map No. 5193. The 1974 subdivision comprises Tract 3 on the earlier maps, together with the northerly half of Tract #4. The northerly half became Belle Haven Lane. The original approved 1974 subdivision contained six buildable lots and a common scenic easement area containing 1.088 acres ("Original Subdivision"). The plaintiffs claim that the Commission, in its 1974 subdivision approval, granted a "variance" from the fifteen percent common reserve area requirements because the lots were larger than the minimum lot size required in the zone. At the time of the 1974 subdivision, the Commission had the discretion to require up to fifteen percent (15%) of the area to be subdivided to be set aside for open space. The Commission's decision was discretionary as to the size of the open space area.
In 1994, the Applicants filed an application with the Commission. The primary purpose was to transfer a portion of original Lot 3 to original Lot 4. After a public hearing, the Application was denied. In its decision, dated September 10, 1994, the Commission found that the proposed lot configuration did not comply with enumerated sections of the subdivision regulations. The Commission's primary concern appeared to be development problems due to the steep slopes located at the rear of proposed Lot 3. The Commission found, inter alia, that the proposed Lot 3 presented significant development problems.
The Commission's September 10, 1994 letter, signed by its Senior Planner, concluded, "It is recommended that the Applicant attempt to redesign the application so that the noted deficiencies are corrected and that all requirements of the original subdivision are addressed."
The Applicants thereafter filed a revised resubdivision application, which is the subject matter of the appeal to the Zoning Board of Appeals. The property is shown on a map entitled CT Page 4539 "Resubdivision Map for Property of Lawrence W. and Jennifer Goichman and Quarry Farm Development, Inc., Greenwich, Connecticut, dated August 18, 1994, and revised September 23, 1994, and October 19, 1994. The Applicants, at the time the application was submitted, were the owners of Lots 2, 3, and 4 in the Original Subdivision.
Original Lot 2 had an existing single family dwelling and a caretaker's cottage (the "Cottage") located on the southeast corner of original Lot 2. The Cottage was a legal accessory building on Lot 2, within the RA-1 zone, designated soley as a residence for the family of a domestic employee of the occupants of the main dwelling. The accessory building use was unlimited as to the number of people who could occupy the Cottage, as long as they were members of the one family permitted under Section 6-146(a) of the Greenwich Building Zone Regulations.
The Application was the subject matter of a public hearing, held before the Commission. The Original Lot 4 was enlarged from the original 1.204 Acres to 1.413 acres. Original Lot 3 was reconfigured so that the Cottage become the principal dwelling on revised Lot 3. The driveway for revised Lot 3 was relocated from the northerly side of revised Lot 4, leading to Meadow Wood Drive, to Belle Haven Lane.
On November 15, 1994, the Commission unanimously approved the Application, with modifications. The approval letter, dated November 18, 1994, from the Commission's Senior Planner, states in part:
 "WHEREAS, the Commission finds the proposed resubdivision as presented involves the reconfiguration of lots through revision of lot lines of a previously approved 1973 subdivision but does not involve the creation of any additional lots nor does the present proposal involve any new or proposed construction; and
 WHEREAS, the Commission notes that on September 8, 1994, it denied a different reconfiguration of Lots 2, 3 and 4, submitted as Resubdivision #1224, because of deficiencies that made the plan inconsistent with the standards of the Subdivision Regulations; and
 WHEREAS, the Commission finds that the revision of lot lines of Lots 2, 3 and 4 as shown on the referenced map CT Page 4540 to be a significant improvement from the previous proposal; and
 WHEREAS, the Commission finds, based upon information submitted that the access strip serving the proposed revised Lot 3 is not part of any private way or road; and. . . . . ."
The Applicants were also required to show the agreed-upon non-development restricted areas of Lots 2 and 3 on the revised subdivision map. The Commission further required the Applicants to implement the requirements contained in a report dated August 8, 1994, from the Inland Wetland and Watercourse Agency.
On December 2, 1994, O. Griffith Sexton, Barbara Sexton and Diana Ross, as Trustee of the Diana Ross Revocable Trust, appealed the decision of the Commission to the Board. The Board conducted a public hearing which began at 8:00 p.m. on January 18, 1995, and concluded in the early hours of January 19, 1995.
The Board, by letter dated January 30, 1995, found "that the decision of the Planning and Zoning Commission is a reconfiguration as a result of lot line changes, not a resubdivision."
The Court may grant relief on appeal only where the local authority has acted illegally, arbitrarily or in abuse of its discretion. Raybestos-Manhattan, Inc. v. Planning ZoningCommission, 186 Conn. 466, 470.
In reviewing an appeal from an administration agency, the Trial Court must determine whether the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion.Smith v. Zoning Board of Appeals of the Town of Greenwich,227 Conn. 71. In the proceedings at issue here, the Board of Appeals acted as the Planning Zoning Commission because it reviewed the challenged decision of the commission, de novo. Id., n. 1.
A review of the transcript reveals that at least one of the members of the Board was very familiar with the property in question, especially the configuration and use of Belle Haven Lane.
A review of the transcript of the Board's public hearing clearly shows that the plaintiffs' predominant concern is the possible expansion of the cottage located on revised Lot 3. An expansion of an accessory building would require Board approval as CT Page 4541 a special exception. The cottage was constructed in 1976, as authorized by building permit no. H-7369 and a certificate of occupancy was issued for the cottage on March 2, 1977. The building permit and certificate of occupancy were issued based on the interpretation by the Zoning Enforcement Authorities that the access strip was part of the lot area of original Lot 2. On October 18, 1994, the Zoning Enforcement Officer, in reviewing the Application, initially raised some question as to whether or not the access strip should be considered part of revised Lot 3. After further investigation, however, he issued an opinion, dated, October 25, 1994, stating that the subject site plan/subdivision meets the requirements of the Building Zone Regulations.
At the hearing before the Board, the plaintiffs placed much emphasis on the fact that Belle Haven Lane was a street as defined in Sec. 6-261 of the Greenwich Subdivision Regulations.
The Commission, in its decision, found that the access strip serving the proposed revised Lot 3 is not part of any private way or road. The Commission, after soliciting opinions from town officials, rejected the plaintiffs' contention that the access strip could not be included within the area of revised Lot 3. The Board at the public hearing was justified in concluding that the accessway was not a street. Sec. 6-261 clearly states that "street" shall not include private driveways and rights-of-way.
The plaintiffs maintain that the Board's determination that the Application is a reconfiguration as a result of lot line changes, not a resubdivision, can only be sustained if none of the changes in the Application meet the definition of "subdivision"[1]
or any one of the standards for "resubdivision".[2]
The definition of subdivision refers to. . . .three (3) or more parcels or lots. Lot is defined in Section 261(a)(4), to mean a separately identified parcel of land designed or intended for separate ownership, occupation or use. The area of land taken from Original Lot 3 and added to other lots does not meet the definition of subdivision. There is no new lot being created for the purpose of sale or building development.
The court further finds that the Application is not a resubdivision as defined in Section 6-261(a)6 of the Subdivision Regulations. The Application does not materially affect any street layout or the layout of any private way. The Application does not increase the number of dwelling units using the access way, Belle CT Page 4542 Haven Lane. The cottage is now serviced by the access strip and will continue to be serviced by it when located on Revised Lot 3. There is no change to the 1.088 Acre Scenic Easement Area. There is also no material diminution in the size of the lots. Revised Lots 3 and 4 are slightly larger from the original subdivision, while Lot 2 is slightly decreased from 3.034 acres to 2.780 acres. Lot 2 remains almost three times the minimum acreage required in the RA-1 Zone. The record is silent with respect to septic systems, if any.
At the public hearing before the Board, the attorneys for the plaintiffs maintained that the Commission should have recommended that the accessway, Belle Haven Lane, be improved to the Department of Public Works' street code. Later in the hearing, the attorney for the plaintiff, Ms. Ross, stated for the record "that Ms. Ross is not interested in, and my understanding that Quarry Farm and other members of the Quarry Farm Association are not here to propose that Belle Haven Lane be widened or brought up to snuff. This is not the desire. I just want to make that very, very clear. It's fine the way it is. It serves everybody's purpose the way it is now."
There is nothing in the records to support the plaintiffs' contention that the Board violated "fundamental rules of natural justice". The Board gave the plaintiffs every opportunity to present their case in as much detail as they felt necessary. The record shows that plaintiffs' counsel suggested that the Board take the matter under advisement until its next meeting. Plaintiffs' counsels, at the conclusion of their presentation stated that they "have presented all we have to present, we have nothing more to say."
In summary, the Court finds that the record supports the Board's conclusions in upholding the decision of the Commission that the Application is a reconfiguration as a result of lot line changes. The action of the Board was not arbitrary, illegal or an abuse of its discretion.
Dated at Stamford, Connecticut this 5th day of June 1996.
TOBIN, JUDGE